## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES CUTLER** | : | **CIVIL ACTION NO. 2:11-cv-810** |
| | : | **SECTION P** |
| **VERSUS** | : | |
| | : | **JUDGE WALTER** |
| **CITY OF SULPHUR** | : | **MAGISTRATE JUDGE KAY** |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Charles Cutler, filed the instant civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983.  He is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  Plaintiff names the City of Sulphur as the defendant herein.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### Statement of Facts

Plaintiff filed suit against the Sulphur Police Department in the 14th Judicial District Court of the State of Louisiana on January 12, 2009.  He alleged that the Sulphur Police Department was liable to him because officers damaged plaintiff's property while they were searching his house

---

[1] At the outset of the suit, the Clerk of Court improperly classified plaintiff's case as an application for writ of habeas corpus.  The clerk flagged the petition as deficient because the plaintiff had not used the proper form, and the caption of the case was modified to name "Warden, Allen Correctional Center" as the defendant, presumably because the custodian of plaintiff would be the proper defendant if the case were actually one for a writ of habeas corpus.  *See* Doc. 1.  In a memorandum order dated June 8, 2011, the court directed plaintiff to amend his suit by submitting his petition on approved forms.  Doc. 4.  Plaintiff subsequently filed a motion with the court requesting that the heading of the case be modified to reflect that his suit is really against defendant "City of Sulphur," and plaintiff made clear that he is not seeking habeas relief.  Doc. 6.  That motion was granted.  Doc. 9.

for illegal drugs.  Defendants filed a peremptory exception on the ground that plaintiff's cause of action had prescribed.  The state district court granted the exception and dismissed the complaint. Doc. 1, Att. 2, pp. 24–25.

Plaintiff appealed the decision of the state district court.  The Louisiana Third Circuit Court of Appeal affirmed.  The appellate court found that the claim had prescribed on its face. The court further found that the plaintiff did not meet his burden of showing that prescription of his claim was interrupted or suspended.  The court rejected the argument that the "mailbox rule" applied as well as the argument that the applicable prescriptive period is two years rather than one year.  Doc. 1, Att. 2, pp. 24–25.

The Supreme Court of Louisiana denied plaintiff's application for supervisory and/or remedial writs on April 25, 2011.  Doc. 1, Att. 2, p. 9.

Plaintiff asks this court to review of the ruling state district court (and the affirmation of that ruling by the state appellate court) that his suit had prescribed.  Doc. 1, p. 1.  He argues that the metering date on the original filing envelope shows that his suit was mailed timely but that there was a twelve day delay in the clerk of court filing the matter.   Plaintiff maintains that the clerk of court failed to provide the state district court with a copy of the original envelope prior to the prescription hearing.  Doc. 1, p. 2.  He claims that the wrongful dismissal of this suit constitutes a violation of his due process rights.  Doc. 1, p. 3.

Plaintiff prays this court to reverse the dismissal of his state court suit and to order a hearing in the 14th Judicial District Court of Louisiana to determine if the metering date on the envelope in question is before the prescription date for his underlying state court claims.  Doc. 1, p. 3.

**Law and Analysis**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff styles his action as a request for "judicial review." In his prayer for relief, plaintiff asks this court to review the case to "determine if a due process claim has inadvertently been violated." Doc. 1, p. 3.

This court lacks the jurisdiction to provide the relief plaintiff request. Federal district courts do not have jurisdiction to review state court decisions in civil cases and it is irrelevant that plaintiff has alleged the state courts may have denied him due process of law. *See* 28 U.S.C. § 1257 (vesting appellate jurisdiction of state court decisions exclusively in the United States Supreme Court); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (United States District Courts "do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges

allege that the state court's action was unconstitutional.").   Moreover, it is well-settled that plaintiff cannot end-run this court's lack of appellate jurisdiction over state court decisions by filing a civil rights complaint under 28 U.S.C. § 1983.  *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir.1986) ("[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.").

Plaintiff further requests that this court order the state court to conduct a hearing. However, plaintiff is not entitled to this relief as federal courts lack the authority to direct state judicial officials in the performance of their functions.  *See Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1276 (5th Cir.1973).

### Recommendation

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 22nd day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE